UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERS, <br>         Plaintiff, <br> v. <br> WELLS FARGO BANK, N.A., <br>         Defendant. | Case No. 17-cv-04367-JST <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br> Re: ECF No. 22 |

Before the Court is Defendant Wells Fargo Bank's Motion to Transfer Venue. ECF No. 22. For the reasons below, the Court grants the motion.

## I. BACKGROUND

This action concerns Wells Fargo's practice of collecting post-payment interest on loans insured by the Federal Housing Administration ("FHA"). ECF No. 17 ("Compl.") ¶ 1. Post-payment interest is interest that a lender collects after the borrower has paid the full unpaid principal of the loan. Id. ¶ 2. Plaintiff, Michael Peters, alleges that the U.S. Department of Housing and Urban Development's ("HUD") regulations "prohibit lenders from collecting post-payment interest unless two strict conditions are met: (a) the borrower makes payment of the full unpaid principal on a day other than the first of the month" and (b) the lender must provide the borrower with "a form approved by the FHA." Id. ¶ 4 (quoting 24 C.F.R. § 203.558(c)). According to Peters, Wells Fargo does not use an approved form, and instead uses its own unauthorized form which "does not fairly disclose the terms under which Wells Fargo can collect post-payment interest or properly explain how borrowers can avoid such charges." Id. ¶ 6.

Peters owns a home in Montgomery, Texas. Id. ¶ 53. In early 2017, Wells Fargo held a loan secured by Peter's home. Id. In February 2017, Peters' refinanced his home. Id. ¶ 55.

Peters alleges that he requested a payoff statement from Wells Fargo so he could pay off his loan and that he was not provided with an HUD-approved form. Id. ¶¶ 55, 61. Peters then paid interest for the entire month of February 2017, even though he had paid the full unpaid principal by February 21, 2017. Id. ¶ 60.

Peters now brings a putative class action seeking relief under the California Unfair Competition Law (UCL) and the Texas Debt Collection Act (TDCA). See ECF No. 17 at 18-19. Peters proposes a nationwide class consisting of "[a]ny person in the United States other than in California who had a FHA-insured loan for which (i) the Date of the Note is during a period beginning on June 1, 1996 and ending on January 20, 2015; (ii) as of the date the total amount due on the loan was brought to zero, Wells Fargo was the Lender, Mortgagee, or otherwise held legal title to the Note; and (iii) Wells Fargo collected interest for any period after the total amount due on the loan was brought to zero." Compl. ¶ 71. He also proposes a Texas subclass consisting of "[a]ny person who had a FHA-insured loan secured by a mortgage on real property located in Texas" who meets the same conditions as the nationwide class. Id.

Wells Fargo brought the instant action to transfer venue to the Southern District of Texas, where Peters and his property are located. ECF No. 22 at 7.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citation and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988))).

As the moving party, Defendant bears the burden of showing that transfer is warranted. Id.

2

at 499. The statute defines three factors that courts must consider: the convenience of the parties, the convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit requires that courts consider a variety of factors in determining whether to transfer an action. See Jones, 211 F.3d at 498; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. Barnes & Noble v. LSI Corp., 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).

## III. DISCUSSION

### A. Venue in the Target District

Transfer is only appropriate if the action could have been brought in the Southern District of Texas. 28 U.S.C. § 1404(a). "A district court is one in which an action could have been brought originally if (1) it has subject matter jurisdiction; (2) defendants would have been subject to personal jurisdiction; and (3) venue would have been proper." Duffy v. Facebook, Inc., No. 16-CV-06764-JSC, 2017 WL 1739109, at *3 (N.D. Cal. May 4, 2017) (citing Hoffman, 363 U.S. 333, 343-44 (1960).

The Southern District of Texas satisfies these requirements. First, it has subject-matter jurisdiction under the Class Action Fairness Act. See 28 U.S.C. § 1332(d). Second, Defendant would have been subject to personal jurisdiction there. As Wells Fargo states, "there is no dispute that Wells Fargo maintains branches throughout the State of Texas" and Peters "specifically alleges that he received payoff disclosure statements that purportedly were not compliant at his home in Montgomery, Texas." ECF No. 22 at 16. Finally, venue is proper in the Southern District of Texas because "a substantial part of the events . . . giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(2).

Plaintiffs argue that California "may be the only jurisdiction where the case can be brought as a national or multistate class action" because of the Supreme Court's recent decision in Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773 (2017).

3

1 However, Bristol-Myers Squib was a mass action, whereas this action is a class action. Id. at
2 1778. In class actions, unlike mass actions, "the citizenship of the unnamed plaintiffs is not taken
3 into account for personal jurisdiction purposes." Fitzhenry-Russell v. Dr. Pepper Snapple Grp.,
4 Inc., No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). Thus, the
5 Bristol-Myers Squibb decision may not even extend to this case. See id. Further, the Bristol-
6 Myers Squibb Court did not find that a class action could only be brought in a state where the
7 corporate defendant is headquartered. Rather, the Court found that California courts cannot claim
8 specific jurisdiction over plaintiffs who are not California residents and do not claim to have
9 suffered harm in California. Bristol-Myers Squibb, 137 S. Ct. at 1782. Peters is not a California
10 plaintiff and the proposed class does not include California plaintiffs or any allegations of harm
11 suffered in California. See Compl. ¶ 71.

The Court is satisfied that this lawsuit could have been filed in the Southern District of Texas.

### B. Plaintiff's' Choice of Forum

The Court ordinarily starts with "a strong presumption in favor of the plaintiff's choice of forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). "[W]hen an individual brings a derivative suit or represents a class, [however,] the named plaintiff's choice of forum is given less weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.1987). Less deference is also appropriate when the plaintiff has chosen a forum where it does not reside. See, e.g., Young v. Wells Fargo & Co., No. 08–cv–3735–SI, 2008 WL 5245894, at *4 (N.D. Cal. Dec. 17, 2008); Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007). Similarly, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," a class action plaintiff's choice of forum is entitled only to "minimal consideration." Lou, 834 F.2d at 739. Finally, the plaintiff's choice of forum is entitled to minimal deference if the plaintiff chose the forum to escape an unfavorable ruling in a different district. See Wireless Consumers Alliance, Inc. v. T–Mobile USA, Inc., No. 03–cv–3711–MHP, 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003).

Here, multiple factors weigh against consideration of Peter's choice of forum. First, Peters

4

brought this case as a class action. ECF No. 17 ("Compl.") at 15. And Peters himself is a citizen of Texas, residing in the city of Montgomery. Compl. ¶ 8.

Second, many, if not all, of the operative facts did not occur within California. Peters alleges that he paid off an FHA-insured loan secured by his home in Montgomery, Texas. Compl. ¶¶ 8, 53. The other potential class members in the Texas subclass will also receive their payoff statements at property located in Texas. Id. ¶ 71. And, while the nationwide class may include borrowers from other states, the national class specifically *excludes* California borrowers. Id. None of those potential class members will have received their payoff statements in California. Finally, Peters' payoff statement directed questions or requests to a Des Moines, Iowa address and listed another Des Moines, Iowa address for payment of payoff funds. ECF No. 17 at 42-43. Peters alleges that some of the operative facts occurred in California: "[u]pon information and belief, the ultimate decisions and actions taken by Wells Fargo with respect to its policy and practice of unlawfully collecting post-payment interest occurred at the company's headquarters in San Francisco, California." Compl. ¶ 79. As Wells Fargo states without contradiction, however, Plaintiff's counsel here has already litigated the same issues in a separate case in Florida. See ECF No. 22 at 21; ECF No. 39 at 5 (both discussing Miller v. Wells Fargo Bank, N.A., No. 1:16-cv-21145-UU (S.D. Fla.). The Court reasonably expects that if Plaintiff's point had substance, he could support it with something weightier than information and belief.

Third, Wells Fargo argues that there is evidence of forum shopping because this case is "an attempt to reconstruct a failed nationwide class under the guise of 'related cases.'"[1] ECF No. 22 at

---

[1] Two of Peters' counsel, Adam Hoipkemier and Kevin Epps, filed a putative class action against Wells Fargo seeking relief for Wells Fargo's practice of charging post-payment interest without providing adequate disclosure in the Southern District of Florida in March 2016. See Miller, supra, No. 1:16-CV-21145-UU, 2017 WL 698520, at *1 (S.D. Fla. Feb. 22, 2017). Similar to this action, Miller alleged that Wells Fargo "was required and failed to issue to borrowers a document containing specific language approved and authorized by the FHA before collecting post-payment interest." Id. The Miller court denied the motion for class certification because the predominance requirement was not met. Id. at *17. The court found that common questions of law and fact did not predominate because there are substantial differences between states' laws concerning breach of contract claims, the breach of contract claim required individualized proof of causation, and the implied waiver defense implicates mixed questions of law and fact that cannot be resolved by rulings or evidence common to the putative class. Id. at *11. The court also noted that Plaintiffs failed to identify subclasses that would alleviate these issues. Id. About two weeks later, Adam Hoipkeimier and Kevin Epps, among others, filed a putative class action in the Superior Court of

11-13. On this point, the Court is less persuaded. The choice presented by this motion is between California and Texas, but Miller was litigated in Florida. It is hard to see how filing in California was an attempt to "escape" a ruling in Miller. Furthermore, although counsel may be the same, the named plaintiff is not. This will not be the first time that counsel unsuccessful in one case has filed a second regarding the same issue, hoping for a better result. Lastly, "attempting to achieve tactical advantage in the choice of a forum" is "a perfectly legitimate goal in an adversarial system of justice." Sorensen v. Phillips Plastics Corp., No. C-08-03094MHP, 2008 WL 4532556, at *3 (N.D. Cal. Oct. 9, 2008). Not every careful forum selection decision can reasonably be called forum shopping.

Nonetheless, given the first two factors summarized above, the Court will give Peters' choice of venue less deference.

### C. Convenience of the Parties and Witnesses

Wells Fargo argues that the locus of the case is in Texas and not in California. It argues that "the relevant closing companies, real estate agents, closing parties, and other parties and individuals related to the sale or payoff of the subject properties of Plaintiff (and potential class members) are located in Texas, where the sale of those subject properties were completed." ECF No. 22 at 20-21. Wells Fargo "anticipates sending subpoenas for documents and depositions from Plaintiff's closing companies and real estate agents, in order to inquire as to the materials received, how the closing date was chosen, whether post-payment interest was an issue deciding a closing date, and other related issues" that were "key in the Court's decision denying class certification in

---

California. This class action alleged that Wells Fargo's practice of collecting post-payment interest on loans was in violation of HUD regulations and sought relief under the UCL. Defendants removed the action to the Northern District of California. See Fowler v. Wells Fargo Bank, N.A., No 3:17-cv-02092-HSG (N.D. Cal.). Peters filed this action in the Northern District of California on August 1, 2017 and immediately filed an administrative motion to consider whether this case should be related to Fowler v. Wells Fargo Bank, N.A. Judge Gilliam denied the motion. About three weeks later, Peters amended the complaint to include a nationwide class of borrowers who had qualifying FHA-insured loans, seeking relief under the UCL, but excluding California borrowers. See ECF No. 17 at 15, 18. Wells Fargo argues that Peters amended the complaint on the same day that counsel met and conferred regarding whether Peters would agree to Wells Fargo's anticipated Motion to Transfer. ECF No. 22 at 13. This action currently seeks relief under the UCL and the TDCA, but Peters proposes additional causes of action including conversion, money had and received, and breach of contract on behalf of a nationwide or multistate class. See ECF No. 32 at 19.

6

Miller." Id. Wells Fargo also contends that these witnesses' presence will be required at trial and that conducting the proceedings in California will put key evidence "outside of the convenience, and potential subpoena power of this Court." ECF No. 39 at 15. Wells Fargo also argues that the relevant Wells Fargo witnesses are the same as those that testified in Miller and that those witnesses are located in Iowa and Maryland, not California. Id. at 14.

The Plaintiff's response is half-hearted. Plaintiff contends that he will "will depose and call at trial a number of Wells-employee witnesses who are located in San Francisco," ECF No. 32 at 16, but names only Wells Fargo's current CEO and former CFO, Tim Sloan, and its current CFO, John Shrewsberry. Id. The assertion that these two very senior corporate officers had any involvement in the decisions in this case is speculative, and not persuasive.[2]

To the extent evidence must be gathered from members of the Texas subclass, it will – not surprisingly – be located in Texas. To be in that subclass, a member must have secured a mortgage on a property located in Texas. ECF No. 17 at 71. Further, the nationwide class consists of "[a]ny person in the United States, other than in California." Id.

Further, Texas is more convenient for non-party witnesses. Plaintiffs have not identified any non-party witnesses located outside of Texas. Wells Fargo, on the other hand, argues that many of the relevant closing companies, real estate agents, closing parties, and other parties and individuals related to the sale or payoff of the subject properties of Plaintiff (and other potential members) are located in Texas.[3] ECF No. 22 at 20-21. As Wells Fargo and Peters concede, courts often accord "greater weight to the convenience of third-party witnesses than to the convenience of party witnesses." See Foster, 2007 WL 4410408, at *3. "Non-party witnesses may not be subject to the Court's subpoena power, like party witnesses such as employees, which is why courts give more weight to their convenience." Cedillo v. Transcor Am., LLC, No. C 08-00941, 2013 WL 4565826, at *3 (N.D. Cal. Aug. 27, 2013). Therefore, the Court finds that the

---

[2] Even if these witnesses were called to testify at trial, Wells Fargo does not contend that it would be inconvenient for them to travel to Texas.
[3] Peters argues that it is unlikely that any non-party witnesses from Texas will be required at trial. ECF No. 32 at 17. At this stage, the Court has no reason to discredit Wells Fargo's argument that these witnesses will be necessary at trial

7

convenience of parties and witnesses weighs in favor of transfer.

**D.    Ease of Access to Evidence**

Wells Fargo contends that most of the evidence "is related to Plaintiff's and the potential Class members FHA mortgage loan documents and related closing materials and communications," which are located in Texas. ECF No. 22 at 22. Peters argues that evidence will mostly consist of documents and testimony and that documents will be "digitized and produced electronically, thus their physical location is neutral." ECF No. 32 at 17. Peters also anticipates that the key evidence will consist of documents that he infers are located in Wells Fargo's headquarters in San Francisco, California. Id. at 18. In response, Wells Fargo argues that any relevant evidence from Wells Fargo is linked to Iowa, not California. Id. at 16.

Most of this evidence will be produced electronically, making its location irrelevant. However, the Court finds that this factor weighs slightly towards transfer. Wells Fargo cites evidence located in Texas, which Peters does not dispute.[4] Plaintiffs "infer" that some evidence is located at Wells Fargo's headquarters San Francisco, California. See ECF No. 32 at 18. Wells Fargo is a large national corporation. Plaintiffs have not offered any evidence that Wells Fargo's "policy and procedure documents" and "standard forms" are located at its headquarters, as opposed to any of its other offices. ECF No. 12. And, Wells Fargo claims that any documents of this sort are linked to Iowa. ECF No. 39 at 16. Therefore, this factor weighs slightly towards transfer to Texas.

**5) Local Interest in the Controversy**

Wells Fargo argues that "Texas has a local interest in protecting the rights of the Plaintiff, the potential class members, and enforcing Texas law" and notes that "Plaintiff's alleged putative nationwide class actually excludes California borrowers." ECF No. 22 at 23. Peters argues that California "has a strong public policy in favor of curbing unscrupulous business practices of corporations headquartered within its boundaries." ECF No. 32 at 19.

While this factor is close to neutral, the Court finds that this factor weighs slightly towards

---

[4] Peters argues that this evidence will not be relevant, but the Court is not yet in a position to comment on the relevancy of proposed evidence. See ECF NO. 32 at 18.

8

transfer. There is no doubt that Texas has a local interest in this case. The plaintiff resides in Texas and paid post-payment interest on a loan secured by property located in Texas. Compl. ¶¶ 8, 53. The Texas subclass consists entirely of people with loans secured by property located in Texas. Compl. ¶ 71. Meanwhile, it is still unknown if California has a local interest in the case. The nationwide class excludes California borrowers. Id. Peters is correct that California may have an interest in this case if "the ultimate decisions and actions taken by Wells Fargo with respect to its policy and practice of unlawfully collecting post-payment interest occurred at the company's headquarters in San Francisco, California." Compl. ¶ 79. See Gerstle v. Am. Honda Motor Co., Inc., No. 16-CV-04384-JST, 2017 WL 2797810, at *3 (N.D. Cal. June 28, 2017) ("While California has a presumption against extraterritorial application of its own law, state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California . . . . The Court looks to the nexus between California and the alleged wrongful conduct to determine whether sufficient wrongful conduct occurred in California.") (internal quotation marks and citations omitted).

It is still unknown whether California has any interest in this case, whereas Texas clearly has a large local interest. Thus, this factor weighs slightly toward transfer.

### E. Other Section 1404(a) Factors

The other factors in the section 1404(a) analysis are largely neutral. Both parties agree that a Texas court will have a greater familiarity with the TDCA. ECF Nos. 22 at 25; 32 at 19. And, this court is more familiar with California law. Feasibility of consolidation of other claims is also a neutral factor. Although Peters argues that this District is handling similar litigation in front of Judge Gilliam, Judge Gilliam has twice declined to relate the two cases. See ECF No. 32 at 19. Finally, as Peters and Wells Fargo concede, "the caseload of the Southern District of Texas is similar to that of the Northern District of California." ECF No. 22 at 23; ECF No. 32 at 20. Thus, the relative court congestion and time of trial in each forum is neutral.

This is a close case involving unusual circumstances. However, considering the diminished weight given to Peters' choice of forum, the greater weight given to the convenience of non-party witnesses in Texas, the slight weight given to the ease of access to evidence in Texas,

9

Texas' clear interest in the controversy as opposed to California's potential interest, and the relative neutrality of the other section 1404(a) factors, the Court finds that this case belongs in the Southern District of Texas. The court grants the Motion to Transfer Venue. ECF No. 22. The Motion to Dismiss, ECF No. 23, Motion to Strike, ECF No. 24, and Motion to Stay Discovery, ECF No. 30, are denied as moot. The Case Management Conference currently scheduled for January 17, 2018 is vacated.

**IT IS SO ORDERED.**

Dated: January 12, 2018

_____
JON S. TIGAR
United States District Judge